**NEWTOWN CREEK TOWING CO. v. CITY OF NEW YORK.**

No. 11515.

District Court, E. D. New York.

March 28, 1931.

Alexander, Ash & Jones, of New York City (Max Taylor, of New York City, of counsel), for libelant.

Arthur J. W. Hilly, Corp. Counsel, of New York (William J. Leonard and Matthew J. Troy, both of New York City, of counsel), for respondent.

BYERS, District Judge.

On July 26, 1929, libelant's tug proceeded up-stream through the Grand Street bridge over Newtown Creek, at about 7:30 a. m.; the bridge having been opened for that purpose. The tug, having arranged a berth for a barge, sought to return through the bridge to tow the barge to the berth.

The return could not be made because the bridge could not be opened, due to the breaking of a concealed element in the hoisting gear.

The municipal authorities speedily (by 9:00 o'clock or thereabouts) proceeded to dismantle the machinery, and succeeded in releasing the affected member and in raising the bridge by hand power at about 5:30 p. m.

Damages are sought for the delay suffered by the libelant's tug.

The break is thus described: "It was the key in the gear on the shaft that drives the end rests or the wedges, as we call them, that is, end rests on the end of the bridge. They were driven up and could not be drawn because the—in other words your key would move around inside and the gear would not move."

The break in the key was clean, i. e., the key was not worn out. Its condition could not have been discovered in advance, because no one could prophesy that such a key would break; the testimony is that it might have lasted for years, or a new one might break in six months.

To hold that the respondent has been shown to be guilty of negligence, actual or implied, would be to disregard the testimony.

The case is not unlike Pettit v. Board of

Chosen Freeholders of Camden County, New Jersey (C. C. A.) 91 F. 998, the decision in which will be followed.

The authorities cited by libelant are quite remote in point of the facts involved, and do not aid in the disposition of this cause.

Clement v. Metropolitan West Side El. Ry. Co. (C. C. A.) 123 F. 271—failure of the bridge to open is not explained.

Great Lakes Towing Co. v. Masaba S. S. Co. et al. (C. C. A.) 237 F. 577—delay in opening bridge, due to faulty operation by bridge tender, a contributing cause to passing vessel's damage.

Piscataqua Nav. Co. v. N. Y., N. H. & H. R. R. Co. (D. C.) 89 F. 362—falling of draw stated to be negligent, but facts not discussed.

Donovan v. New York Central R. R. Co. (D. C.) 16 F.(2d) 611—no fault found with railroad, and libel dismissed as to it.

Settle decree dismissing the libel with costs.

If the foregoing be deemed an insufficient compliance with Admiralty Rule 46½ (28 USCA § 723), findings and conclusions may be settled on notice.